UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 12-10002-CIV-MARTINEZ/MCALILEY

ANTONIO LOPEZ,

    Plaintiff,

v.

BELLA CONSTRUCTION OF KEY WEST,
INC., et al.

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiffs and Conditional Certification of this Case as a Collective Action. [DE 20]. This matter was referred to me by the Honorable Jose E. Martinez and is fully briefed. [DE 22, 32]. For the reasons set forth below, I recommend that the motion be denied.

### I. Background

Plaintiff Lopez brought suit against his former employer Bella Construction of Key West and its alleged principal, Edgar G. Braswell, IV. [DE 1]. The First Amended Complaint has a claim for recovery of overtime compensation under the Fair Labor Standards Act (Count I). [DE 24].[1] Plaintiff alleges that he worked as a construction laborer for

---

[1] Plaintiff also asserts a claim of retaliation (Count II); the motion for class certification is limited to Count I.

Defendants and was paid by the hour. Plaintiff asserts that he, and others similarly situated, were not compensated for preliminary and postliminary work done of behalf of the employer. Plaintiff also alleges that he performed uncompensated weekend work doing landscaping maintenance on Defendant Braswell's property. [DE 24, ¶¶ 9-13].

Plaintiff is seeking to conditionally certify an opt-in class, pursuant to 29 U.S.C. § 216(b) of the Fair Labor Standards Act, for Count I. [DE 20, p. 1]. The proposed class "consists of all current and [former] laborers who worked for Defendants at their Key West, Florida location within the last three (3) years, and who were subjected to Defendants' illegal practice of not paying full and proper overtime compensation for all overtime hours worked." [*Id.* at p. 3].

## II. Analysis

Pursuant to § 216(b), a plaintiff may bring a claim for violations of the FLSA on behalf of himself and "other employees similarly situated" through the creation of an opt-in class. 29 U.S.C. § 216(b). In an action brought under § 216(b), "[i]t is well-settled in the Eleventh Circuit that a district court has the authority to issue an order requiring notice to similarly situated persons in order to facilitate the opt-in process." *Alvarez v. Sun Commodities, Inc.*, No. 12-60398, 2012 WL 2344577, * 1 (S.D. Fla. June 20, 2012). Plaintiff asks the Court to conditionally certify an opt-in class and permit supervised notice of this action to potential opt-in plaintiffs. [DE 20, p. 4]. Before exercising its power to conditionally certify a class and provide notice to potential plaintiffs, "the district court should satisfy itself that there are other employees . . . who desire to 'opt-in' and who are

'similarly situated' with respect to their job requirements and with regard to their pay provisions." *Dybach v. State of Florida, Dept. of Corrections*, 942 F.2d 1562, 1567-8 (11th Cir. 1991).

The Eleventh Circuit has recommended that this Court apply a two phase approach when determining whether to treat an action as a collective one under § 216(b). "Under this approach, the Court initially applies a lenient standard when deciding whether to conditionally certify a class in the early stages of litigation, and applies a more rigorous standard in the later stages of litigation, usually when the defendant files a motion for decertification." *Alvarez*, 2012 WL 2344577, * 1.

Because this case is at the early stage, I apply the more lenient standard in evaluating the motion for conditional certification and notification.

### A. Plaintiff has not shown that there are other employees who desire to join the lawsuit

Before conditionally certifying a § 216(b) class and sending notice to potential class members, Plaintiff must make a showing that there are other employees who desire to join the lawsuit. *Dybach*, 942 F.2d at 1567. Plaintiff has failed to do this.

Regarding Plaintiff's burden at this stage: it "is not heavy, [but] it is not invisible." *Brooks v. A Rainaldi Plumbing, Inc*, No. 6:06-cv-631-Orl-31DAB, 2006 WL 3544737, * 2 (M.D. Fla. Dec. 8, 2006). "[P]laintiffs have the burden of demonstrating a reasonable basis for crediting their assertions that aggrieved individuals exist[ ] in the broad class that they proposed." *Haynes v. Singer Co., Inc.*, 696 F.2d 884, 887 (11th Cir.1983). Plaintiffs may

demonstrate the existence of other employees who desire to opt in through affidavits, consents to join the lawsuit, or expert evidence on the existence of other similarly-situated employees. *Davis v. Charoen Pokphand (USA), Inc.*, 303 F.Supp.2d. 1272, 1277 (M.D.Ala. 2004); *Brooks*, 2006 WL 3544737, * 2 ("plaintiff[] may meet this burden, which is not heavy, by making substantial allegations of class-wide discrimination, that is, detailed allegations supported by affidavits which successfully engage defendants' affidavits to the contrary.").

Plaintiff's mere belief that other employees desire to opt in, and "unsupported expectations that additional plaintiffs will subsequently come forward are insufficient to justify" certification of a collective action and notice to a potential class. *Mackenzie v. Kindred Hosp. East, L.L.C.*, 276 F.Supp.2d 1211, 1220 (M.D.Fla.2003). "Certification of a collective action and notice to a potential class is not appropriate to determine *whether* there are others who desire to join the lawsuit. Rather, a showing that others desire to opt in is required before certification and notice will be authorized by the court." *Rodgers v. CVS Pharmacy, Inc.*, No. 8:05-CV770T-27MSS, 2006 WL 752831, * 3 (M.D. Fla. March 23, 2006) (citations omitted).

Here, Plaintiff's showing that there are other employees or former employees who desire to opt-in to the lawsuit is so inadequate that it does not meet his admittedly light burden. Attached to the motion is an unverified affidavit[2] by Plaintiff that states:

---

[2] Plaintiff's counsel states in his motion that he will file a verified copy of the affidavit, but he has not done so. Counsel also wrote that he had been "unable to meet in person" with Plaintiff

4

> 8. It is my understanding, based upon conversations with my fellow employees, that all of the laborers were subject to the same payroll practice of not being compensated for work performed before or after our regularly scheduled shifts.
>
> 9. During my employment, I had numerous conversations with many of my fellow laborers, including those who left their employment during my tenure, about the Defendants' payroll practice of not compensating such employees for work performed before or after our regular shifts. We discussed the fact that we believed Defendants' payroll practice to be unlawful and that we should have been paid for all hours worked.

[DE 20-1, ¶¶ 8-9]. Plaintiff does not identify any of these co-workers, nor does he aver that any of them expressed an interest in joining the lawsuit. Moreover, not one of the potential class members has filed a notice of opting in to this action.

In his motion, Plaintiff posits that these workers may be undocumented aliens who are "hesitant to invoke the jurisdiction of the courts." [DE 20, p. 10]. But Plaintiff provides no evidence to support this speculation or any basis to find that these unidentified undocumented aliens would overcome their purported reluctance and join the lawsuit if it was conditionally certified. "The mere anticipation that others may want to join the lawsuit or the mere presence of a uniformly adverse compensation policy is insufficient by itself" to carry Plaintiff's burden. *Guerra v. Big Johnson Concrete Pumping, Inc.*, No. 05-14237-CIV, 2006 WL 2290512, * 4 (S.D. Fla. May 17, 2006).

In contrast to Plaintiff's failure to provide any evidence supporting his unverified assertions, Defendants have provided declarations from seven employees stating that they

---

to discuss the affidavit. It is not clear to the Court whether Plaintiff's counsel even discussed the content of the affidavit with his client by telephone. [*See* DE 20, p. 3].

have been paid for all the work they performed, and they are unaware of any other present or former employees who have complained about their compensation. [DE 32-1].

In sum, Plaintiff has presented unverified, conclusory assertions that some unidentified employees or former employees expressed dissatisfaction with Defendants' compensation practices, and speculation as to why none of these potential class members filed a consent to join the lawsuit. Defendants have countered with numerous declarations from potential class members stating that they are not interested in opting into the class because they believe they have been fully compensated for their services. Even under the lenient standard applicable in the early stage of litigation, Plaintiff's showing is insufficient to establish that there are other employees who desire to join the lawsuit. *Rodgers*, 2006 WL 752831 at * 4 ("Plaintiff's unsupported beliefs and expectations that others *may* desire to opt in are insufficient to justify certification of a collective action and notice to a potential class.").

    **B.**    **Plaintiff has not shown that the potential class members are "similarly situated"**

Because Plaintiff cannot meet the first requirement for class treatment under § 216(b), the motion for conditional class certification must be denied and the Court need not consider whether Plaintiff has met the second *Dybach* requirement. *Alvarez*, 2012 WL 2344577, * 3. In the interest of completeness, I nevertheless note that Plaintiff has also failed to show that "there are employees who are similarly situated with respect to their job requirements and their pay provisions. . . ." *Id.*

To make this showing, Plaintiff "must only demonstrate that [his] position[] [is] similar, not identical, to the positions of the potential class plaintiffs." *Rodgers*, 2006 WL 752831, * 5. Plaintiff, however, must provide more than "unsupported and generalized allegations." *Id.* Here, again, the only evidence Plaintiff has presented is his unverified affidavit, with the conclusory assertions, set forth above, that Plaintiff "understands" from his conversations with unnamed fellow employees that all the laborers were subject to the same payroll practice of not being compensated for preliminary and postliminary work. [DE 20-1, ¶¶ 8-9]. Plaintiff also asserts that he was required to provide unpaid lawn maintenance at the home of Defendant Braswell. [*Id.*, ¶ 5].

Defendants have countered these unverified statements with declarations by seven employees of Defendant Bella Construction, asserting that each has "always been properly paid for time spent before or after my regularly scheduled shift." *See, e.g.* [DE 32-1, p. 13, ¶ 4]. The employees' declarations also state that none of them "have regularly performed lawn maintenance [for] Edgar G. Braswell, IV at his residence." [*Id.*, ¶ 5]. Thus, Defendants dispute Plaintiff's claim of similarity for both the pay provisions and the job requirements.

Plaintiff's unsupported assertions, which are directly contradicted by Defendants' numerous declarations, are inadequate to carry Plaintiff's admittedly light burden to show there are employees who are similarly situated with respect to their job requirements and pay provisions. *Horne v. United Serv. Auto. Assoc.*, 279 F.Supp.2d 1231, 1237-38 (M.D. Ala. 2003) (finding that plaintiff's affidavit asserting that "based on his observation and experience, he believes there are other similarly situated" employees "does not even rise to

7

the level of an affirmative, albeit conclusory, statement"); *Alvarez*, 2012 WL 2344577, * 2 (conclusory affidavits that are contradicted by affidavits of potential class members "are insufficient to justify certification and notice.").

### III. Recommendation

Based on the foregoing, I recommend that Plaintiff's Motion for an Order Permitting Supervised Notice of this Action to Potential Opt-In Plaintiff and Conditional Certification of this Case as a Collective Action [DE 20], be **DENIED**.

### VI. Objections

The parties may file written objections to this Report and Recommendation with the Honorable Jose E. Martinez within **seven days** of the date of this Report and Recommendation. It is the objecting party's responsibility to ensure that any objections are docketed with the court by this deadline. Failure to timely file objections shall bar the parties from attacking on appeal any factual findings contained herein. *RTC v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *LoConte v. Dugger*, 847 F.2d 745, 749-50 (11th Cir. 1988).

RESPECTFULLY RECOMMENDED in chambers in Miami, Florida this 30th day of October, 2012.

CHRIS McALILEY
UNITED STATES MAGISTRATE JUDGE

cc:
The Honorable Jose E. Martinez
Counsel of record